IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 18-cr-360-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**2.**    **DUSTIN ALAN WALL,**

    Defendant.

---

**ORDER DENYING MOTIONS TO VACATE SENTENCE
BASED ON INEFFECTIVE ASSISTANCE OF COUNSEL
AND FOR APPOINTMENT OF COUNSEL**

---

Before the Court are *pro se* motions filed by Defendant Dustin Alan Wall seeking vacatur of his sentence based on his counsel's alleged ineffective assistance of counsel. (ECF Nos. 481, 505.) Relatedly, Wall asks the Court to appoint him counsel. (ECF No. 504.) The Government filed responses opposing the motions. (ECF No. 487, 544.)

For the following reasons, the Court denies Wall's motions.

**I.**    **BACKGROUND**

In March 2020, Wall pleaded guilty to interference with commerce by threats of violence and aiding and abetting, bank robbery and aiding and abetting, and possession of a firearm during and in relation to a crime of violence and aiding and abetting. (ECF No. 448 at 1.) In February 2021, the Court applied a downward variance from the advisory guidelines and sentenced Wall to a term of imprisonment of 100 months as to

counts 1 and 2, to run concurrently, and 60 months as to count 3, to run consecutively. (ECF No. 448 at 2.)

Wall filed motions seeking to set aside his sentence based on a change of law and ineffective assistance of counsel. (ECF Nos. 481, 505.) Specifically, he argues that his conviction for aiding and abetting bank robbery with force under sections 2112(a) and 2 does not qualify as a crime of violence and thus cannot support his conviction under section 924(c). (ECF No. 505 at 33.) Accordingly, he argues that his defense counsel "failed to move to dismiss the 924(c) count." (*Id.*) He further argues that his counsel "coerced him to plead guilty." (*Id.*) Based on this, he asks the Court to appoint him counsel. (ECF No. 504.)

The Government filed responses in opposition to Wall's motions, arguing "that because the Tenth Circuit has held that aiding and abetting bank robbery under §§ 2113(a) and 2 is a violent felony under the elements clause of the Armed Career Criminal Act (ACCA), it also qualifies as a crime of violence under the elements clause of § 924(c)." (ECF Nos. 487, 544.)

## II.   LEGAL STANDARD

Where, as here, ineffective assistance of counsel is the basis of a section 2255 claim, the defendant must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under this test, a defendant must show both that his "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Id.* A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney. *Id.* at 687–88. In evaluating counsel's performance, courts should make "every effort . . . to

eliminate the distorting effects of hindsight" and "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.  To establish the second prong, a defendant must show that his attorney's deficient performance prejudiced the defense to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.*  The likelihood of a different result "must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011).  If a defendant cannot show either "deficient performance" or "sufficient prejudice," their ineffective assistance claim fails.  *Strickland*, 466 U.S. at 700.

### III.     ANALYSIS

Wall contends that "he is serving a[n] improperly imposed sentence that has since been declared illegal by the supreme court new rule of substantive law in" *United States v. Davis*, 132 U.S. 2319 (2019).  (ECF No. 505-3 at 1.)  Specifically, he argues that his "[c]onviction under 18 U.S.C. 2113(a) and (2) . . . does not support [his] conviction under 924(c) after *Davis* [b]ecause (2) has no element the use or threatened use of physical force."  (*Id.* at 2.)  Accordingly, he argues that his defense counsel "failed to move to dismiss the 924(c) count on the ground in combination with *Rosemand v. United States*, 572 U.S. 65, 70 (2014)."  (*Id.* at 4.)

The Court rejects Wall's contention, however, because his aiding and abetting bank robbery conviction qualifies as a crime of violence under the *elements* clause of section 924(c)(3)(A).  *United States v. Dieter*, 890 F.3d 1203 (10th Cir. 2018) (explaining that aiding and abetting federal bank robbery by force qualifies as a "violent

felony"); *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1064 (10th Cir. 2018).  Thus, the *Davis* decision—which struck down the *residual* clause of section 924(c)(3)(B)—is inapposite here.

As a result, *Davis* does not render his conviction infirm, and the premise of Wall's ineffective assistance of counsel claim fails.  (ECF No. 505-3 at 4 ("Petitioner is entitled to relief pursuant to 28 U.S.C. 2255 because he makes clear herein that *Davis* therefore entitled him to vacatur of the 924(c) conviction and resentencing.").)

Nor does the Court discern ineffective assistance of counsel by Wall's conclusory assertion that he was "coerced" to plead guilty.  (*Id.*)  In support, Wall says that his guilty plea was "induced by threats and misrepresentations" and points to a docket entry showing that he moved to withdraw his attorney.  (*Id.*)  While the Court construes Wall's *pro se* pleadings liberally, *Czajkowski v. Roybal*, No. 2024 WL 4602182, at *1 (10th Cir. Oct. 29, 2024), it simply does not perceive deficient performance nor prejudice from these thread-bare assertions.

Finally, in a related motion, Wall asks the Court to appoint him counsel under "18 U.S.C. 2255."  (ECF No. 504.)  He bases this request based on his belief that he "has a serious constitutional claim for his 924(c) conviction which question[s] the constitutionality of that present conviction under *Taylor v. United States*."  (*Id.* at 1.)

A criminal defendant has no constitutional right to appointment of counsel beyond their direct appeal.  *United States v. Campos*, 630 F. App'x 813, 816 (10th Cir. 2015).  Thus, "[n]o right to counsel extends to a § 3582(c) motion."  *Id.*  "Nonetheless, a federal district court has discretion to appoint counsel to assist a [d]efendant's pursuit of a § 3582 motion."  *United States v. Lynn*, 2024 WL 4298766, at *1 (D. Kan. Sept. 26,

2024) (citing *United States v. Olden*, 296 F. App'x 671, 674 (10th Cir. 2008)).

The Court declines to exercise its discretion to appoint Wall postconviction counsel because, as discussed herein, Wall has not established or otherwise suggested that he has a meritorious claim. *Lynn*, 2024 WL 4298766, at *1. Hence, the Court denies Wall's request for the appointment of counsel. (ECF No. 504.)

### IV.   CONCLUSION

For the foregoing reasons, the Court DENIES Wall's motions based on ineffective assistance of counsel. (ECF Nos. 481, 505.) It likewise DENIES Wall's Motion for the appointment of counsel. (ECF No. 504.)

Dated this 4th day of November, 2024.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge