IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 18-cr-360-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**2.   DUSTIN ALAN WALL,**

    Defendant.

---

**ORDER DENYING MOTION FOR REDUCTION IN SENTENCE**

---

Before the Court is Defendant Dustin Alan Wall's *pro se* Motion For Reduction In Sentence ("Motion"). (ECF No. 517.) The Government filed a response. (ECF No. 545.)

Like his other motion seeking similar relief (ECF Nos. 506, 535), the Court denies the Motion.

### I.   BACKGROUND

In March 2020, Wall pleaded guilty to interference with commerce by threats of violence and aiding and abetting, bank robbery and aiding and abetting, and possession of a firearm during and in relation to a crime of violence and aiding and abetting. (ECF No. 448 at 1.) In February 2021, the Court applied a downward variance from the advisory guidelines and sentenced Wall to a term of imprisonment of 100 months as to counts 1 and 2, to run concurrently, and 60 months as to count 3, to run consecutively. (ECF No. 448 at 2.)

In December 2023, Wall moved for a sentence reduction under 18 U.S.C. § 3582(c)(2). (ECF No. 517 at 1.) In support, he points to the "substantial price" he has paid for his "malfeasance," the "right direction" he is "now moving in life," the fact that he "has more than paid his dues," his various mental and physical health challenges—including a traumatic brain injury and Somatic Symptom Disorder diagnoses—his many rehabilitation efforts, the alleged ineffective assistance of his defense counsel, the need to avoid sentencing disparities, and his stable home plan. (*Id.* at 2, 4, 9, 10, 12, 13.)

The Government responds that "[n]one of these reasons establish extraordinary and compelling reasons" or otherwise "provide this Court with a basis for relief." (ECF No. 545 at 4.)

## II.     ANALYSIS

Wall asks the Court to reduce his 160-month sentence pursuant to the Compassionate Release statute. Under section 3582(c)(1)(A), a sentence reduction is allowed when "extraordinary and compelling reasons warrant such a reduction . . . ." The Tenth Circuit has endorsed a three-step test for district courts to use in deciding motions filed under section 3582(c)(1)(A). *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). Under that test, a court may reduce a sentence if the defendant has administratively exhausted his claim and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id.* A court may deny the motion when any of the three requirements is

lacking, and the court need not address the other requirements. *Id.* at 1043. But all requirements must be addressed when the court grants a motion for release under the statute. *Id.*

To grant Wall's request under this authority, the Court would need to re-sentence him to time served for a significant portion of his sentence. To merit such relief, Wall must first demonstrate "extraordinary and compelling reasons" that are "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A) & (c)(1)(A)(i). One Sentencing Commission policy statement that appears potentially relevant here is the following:

> [E]xtraordinary and compelling reasons exist [if] * * * [t]he defendant is—
>
>   (I) suffering from a serious physical or medical condition,
>
>   (II) suffering from a serious functional or cognitive impairment, or
>
>   (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. 1(A)(ii).

But the Court agrees with the Government that the various reasons cited by Wall do not constitute extraordinary and compelling circumstances. The Court came to this same conclusion in its earlier order denying Wall's motion for compassionate relief. (ECF No. 535 at 8.) Therein, Wall asked the Court to find extraordinary and compelling circumstances based on the facts that he "disassociated from the gang he was a member of, he has completed several classes while in prison, and he wants to relieve

3

his elderly, disabled mother from raising his four children." (*Id.* at 5.) The Court found, however, that "[a]lthough [it] is sympathetic to these circumstances, they do not amount to extraordinary or compelling circumstances." (*Id.* at 7.)

Here, the time Wall has spent in prison, his upward trajectory in life, and his rehabilitation are commendable. The Court is also sympathetic to his various mental and physical health challenges. But, in the Court's view, his medical conditions are neither compelling nor extraordinary. Moreover, rehabilitation alone cannot constitute extraordinary and compelling circumstances. *McGee*, 992 F.3d at 1042. Simply put, then, Wall has not presented facts sufficient to satisfy the requirements of section 3582.

Hence, like before, the Court need not evaluate whether reducing Wall's sentence to time served would be justifiable under the section 3553(a) factors. *Id.*

## A.  CONCLUSION

For the foregoing reasons, the Court DENIES the Motion. (ECF No. 517.)

Dated this 4th day of November, 2024.

BY THE COURT:

William J. Martínez
Senior United States District Judge