IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 18-cr-360-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**2.   DUSTIN ALAN WALL,**

    Defendant.

---

### ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

---

Before the Court is Defendant Dustin Alan Wall's *pro se* motion for compassionate release.[1] (ECF No. 556.) The Government filed a response. (ECF No. 557.) The Motion, however, does not differ in any material respect from his earlier compassionate release motions. (ECF Nos. 517, 519.) In particular, this Motion continues to lay out Wall's rehabilitation efforts, steady home life, and need to rear his children. (*See generally* ECF No. 556.) Strangely too, the Motion, filed in November 2024, also heavily relies on the notion that the COVID-19 pandemic continues to be a extraordinary and compelling problem in his prison facility. (*Id.*)

The Court already considered these arguments and concluded that Wall had not demonstrated that extraordinary and compelling circumstances justified his early

---

[1] The Court observes that the title of Wall's Motion suggests it's based "In Light of Changes in Law; And Changed Circumstances Since This Court's Prior Decision Denying Relief." (ECF No. 558.) But the Motion does not demonstrate that any law or factual circumstances have changed in the mere *19 days* between when the Court denied Wall's original compassionate release motions and this Motion.

release.  (ECF No. 535, 550.)  The Court's conclusion on this point has not changed.  The Court adds, moreover, that reducing Wall's 160-month sentence to time served—as he requests—would not be consistent with the applicable factors set forth in 18 U.S.C. § 3553(a).  The crimes to which Wall pleaded guilty—interference with commerce by threats or violence and aiding and abetting; bank robbery and aiding and abetting; and possession of a firearm during and in relation to a crime of violence and aiding and abetting—are serious.  A reduction of Wall's sentence to time served (or even supervised release) would not be appropriate in these circumstances.

      For these reasons, the Court denies the Motion.  (ECF No. 556.)

      Dated this 7th day of August, 2025.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge